IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TERESA & FRANCISCO ZAPATA, | ) | CASE NO. BK05-40617 |
| | ) | |
| Debtor(s). | ) | CH. 7 |

<u>ORDER</u>

  Hearing was held in Lincoln, Nebraska, on June 29, 2005, on the debtors' motion to redeem lien of Ace Rent-to-Own (Fil. #8) and resistance thereto (Fil. #9). Lea Thomas appeared for the debtors and Joshua Barber appeared for Ace Furniture & T.V., Inc.

  The debtors obtained a laptop computer, DVD recorder, and portable DVD player from Ace Rent-to-Own ("Ace") pre-petition. The amount owed to Ace is $2,135.29. The debtors would like to redeem the property under 11 U.S.C. § 722, which provides:

> An individual debtor may . . . redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

  The debtors intend to exempt this property. They propose to pay the fair market value of $600 to redeem it.

  Ace objects, arguing that contrary to the debtors' position, Ace does not have a purchase-money security interest in the property and the debtors do not own the property. Rather, Ace asserts, the debtors are renting the property, and pursuant to the parties' contracts, Ace is to retain title until all rental payments have been made. Therefore, Ace argues, the items are not property of the bankruptcy estate and are not redeemable.

  Nebraska has a Consumer Rental Purchase Agreement Act ("CRPAA") to cover such contracts. Neb. Rev. Stat. §§ 69-2101 to -2119. That statute specifically says such an agreement is not a consumer lease or a credit sale arrangement. Neb. Rev. Stat. § 69-

2103(4).[1] Generally, these "peculiar creatures of consumer financing" are held to be sufficiently executory to fall within 11 U.S.C. § 365. KFJ Enter., LLC v. Rembert (In re Rembert), 293 B.R. 664, 667 (Bankr. M.D. Pa. 2003) (citing In re Knowles, 253 B.R. 412 (Bankr. E.D. Ky. 2000); In re Stellman, 237 B.R. 759 (Bankr. D. Idaho 1999); and In re Trusty, 189 B.R. 977 (Bankr. N.D. Ala. 1995)).

Because the parties' contracts appear to substantially comply with the requirements of the CRPAA, and because that statute establishes the parties' arrangement as a lease or similar to a lease, the debtors' motion to redeem lien will be denied, and the debtors should take appropriate steps to assume or reject these agreements.

IT IS ORDERED: The debtors' motion to redeem lien of Ace Rent-to-Own (Fil. #8) is denied. The debtors should move to assume or reject these agreements by August 12, 2005.

DATED:     July 11, 2005

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Lea Thomas
    Joshua Barber
    United States Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.

---

[1] Some other similar state statutes do not contain this particular language, so rent-to-own contracts are often found to be true leases in those states. See, e.g., In re Minton, 271 B.R. 335 (Bankr. D. Ark. 2001); In re Street, 214 B.R. 779 (Bankr. W.D. Pa. 1997); and Rent-A-Center, Inc. v. Mahoney (In re Mahoney), 153 B.R. 174 (E.D. Mich. 1992).